IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUARTUS LAMAR PRATT, | : |
| Plaintiff | : |
| | : CIVIL NO. 1:11-CV-1346 |
| v. | : |
| | : (Judge Caldwell) |
| FEDERAL BUREAU OF PRISONS, | : |
| Defendant | : |

*M E M O R A N D U M*

I.   *Introduction*

The pro se plaintiff, Quartus Lamar Pratt, an inmate at USP-Lewisburg, Lewisburg, Pennsylvania, filed this action in mandamus pursuant to 28 U.S.C. § 1361. The only defendant is the Federal Bureau of Prisons (BOP). Pratt is seeking an order mandating that the BOP transfer him to a "medical hospital for mental health treatment" and place him in a single cell for his own protection. Doc. 1, Compl., CM/ECF p. 5.[1]

Along with his complaint in mandamus, Pratt has filed a motion to proceed in forma pauperis (doc. 2). The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915. The court will grant Pratt's motion for leave to proceed in forma pauperis, as it appears he qualifies for indigent status, but dismiss his complaint in mandamus.

---

[1] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

II.   *Standard of Review*

Mandamus is a drastic remedy available only in the most extraordinary circumstances. *See Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976); *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, ___ U.S. ___, ___, 130 S.Ct. 705, 710, 175 L.Ed.2d 657 (2010)(per curiam)(quotation marks and punctuation omitted); *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004).

III.   *Discussion*

Plaintiff alleges he was injured on October 13, 2010, when he was assaulted by another inmate.[2] He now suffers from "depression, disturbing dreams, and sleeping problems." Doc. 1, Compl., CM/ECF p. 3. While his medication makes him feel calm, it also makes him feel "very sleepy and slow," which makes him feel "vulnerable and uncomfortable around others." *Id*. As relief, he seeks single-cell status and transfer to a mental-health facility. *Id*. at p. 5.

---

[2] Pratt has filed another suit arising from this incident, in which he asserts a claim under the Federal Tort Claims Act and a *Bivens* claim. *See Pratt v. United States,* 1:11-cv-1337 (M.D. Pa.).

In his complaint, Pratt implies that his petition is meritorious because the Bureau of Prisons (BOP) failed to protect him from assault by another inmate and because he continues to suffer from lingering mental-health issues after the assault. However, to avail himself of mandamus relief, Pratt would have to establish: (1) that he has a clear right to the relief he seeks (a single cell and transfer); (2) that the respondent has a nondiscretionary duty to give him a single cell and mental health transfer at his request; and (3) that he has no other adequate remedy.  Pratt cannot satisfy these criteria.

First, Pratt does not have a constitutionally protected liberty interest in a single-cell housing assignment.  *See Keeling v. Damiter*, No. 09-147, 2010 WL 678091, at *6 (M.D.Pa. Feb. 24, 2010).  Further, neither past assaults upon him by cellmates nor Pratt's mental-health issues are valid bases for this court to order that prison officials house him in a single cell.  That judgment is left to prison administrators, who are in the best position to decide his housing status and whether he can live with any particular inmate.  *See Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001) ("the task of prison administration is difficult, and . . . courts should afford deference to decisions made by prison officials, who possess the necessary expertise"); *DeFranco v. Wolfe*, 387 F. App'x 147, 155 (3d Cir. 2010) (nonprecedential) (quoting *Rauser*).

Likewise, Pratt does not have a constitutional right to be transferred to a prison of his choice.  *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) (no constitutional right to chose particular correctional facility upon request);

*Beckley v. Miner*, 125 F. App'x 385 (3d Cir. 2005) (nonprecedential) (denying mandamus request for prison transfer).  Based on the above, Pratt is not entitled to the extraordinary remedy of a writ of mandamus.

        We will issue an appropriate order.

        /s/ William W. Caldwell  
        William W. Caldwell  
        United States District Judge

Date: October 19, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

QUARTUS LAMAR PRATT, :
:
    Plaintiff :
:
: CIVIL NO. 1:CV-11-1346
vs. :
: (Judge Caldwell)
FEDERAL BUREAU OF PRISONS, :
:
    Defendant :

*O R D E R*

AND NOW, this 19th day of October, 2011, upon review of the complaint in mandamus under 28 U.S.C. § 1915(e)(2)(B)(ii), it is ordered that:

    1. Plaintiff's Motion for leave to proceed in forma pauperis (Doc. 2) is construed as a motion to proceed without full prepayment of fees and costs, and is granted.

    2. Plaintiff's complaint in mandamus is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of merit.

    3. The Clerk of Court is directed to close this case.

    /s/ William W. Caldwell
    William W. Caldwell
    United States District Judge